# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRYAN OGLESBY,

        Petitioner,    :    Case No. 3:17-cv-021

  - vs -        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution,

        :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner Bryan Oglesby is serving a nine-year sentence upon conviction on his plea of guilty to felonious assault, assault, and having weapons under disability charges. His Petition reflects that he was sentenced May 30, 2014 (ECF No. 1, PageID 2). He then appealed to the Second District Court of Appeals raising as his sole assignment of error that the trial court abused its discretion in not allowing him to withdraw his guilty plea. The conviction was, however, affirmed. *State v.Oglesby*, 2015-Ohio-2557, 2015 Ohio App. LEXIS 2455 (2nd Dist. Jun. 26, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1459 (2016).

Oglesby, represented by counsel, pleads one ground for relief:

>**Ground One:** Violation of Sixth Amendment Right to Effective Counsel.
>
>**Supporting Facts:** Petitioner and Petitioner's family members were told by trial court that Petitioner/Defendant would receive a five (5) year sentence if he pled guilty to state court charges (see attached affidavits).

(Petition, ECF No. 1, PageID 6.)

In the Memorandum in Support of the Petition, counsel asserts "Subsequent to the filing of a Motion to Withdraw Plea, the Petitioner found additional information that was provided to family members by his counsel that he was to receive no more than five (5) years in prison which rises to the level of ineffective assistance." *Id.* at PageID 17.  In the same Memorandum, Petitioner's counsel claims he entered his plea with the understanding he would receive no more than five years. *Id.*

In her January 18, 2017, Affidavit, Angela hunter, Petitioner's aunt, avers that, at a date not stated on an occasion not stated, she saw trial attorney Clyde Bennett hold up five fingers "as a signal that he will receive 5 year sentence." *Id.* at PageID 18.  She claims to have heard Bennet tell Petitioner it would not be more than five years and "Bennett said he spoke to the Judge and assured me that it would not be more than a 5 year sentence." *Id.* .

In a January 9, 2017, Affidavit, Marilyn Florence, Petitioner's grandmother, says that Bennett told her personally that the maximum sentence would be five years. *Id.* at PageID 20.  She also witnessed the five finger signal and understood it to have the same meaning as Angela Hunter understood.

Finally, in a December 30, 2016, Affidavit, Pamela Brown, Petitioner's mother, avers she was personally told by Bennett that her son would get no more than five years. *Id.* at PageID 22.

2

She also witnessed the five-finger signal, was on a three-way call in which Bennettt assured Oglesby he would get no more than five years, and received the same assurance in person from Bennett when she met him to pay the final installment on his fee.  *Id.*

Remarkably, there is no affidavit from Petitioner himself, although all three affiants assert that some of the reassurances they heard were made directly to Petitioner.  Nor is the Court given any time frame when these assurances were supposedly made, although the Court infers they were made before sentencing, i.e. before May 30, 2014.

The Petition shows Mr. Oglesby was convicted November 5, 2013 (ECF No. 1, PageID 2).  The Second District's decision shows that Mr. Oglesby filed a pre-sentence motion to withdraw his guilty plea.  *State v. Oglesby, supra,* at ¶ 7. When it became clear Mr. Bennett would have to testify at the hearing, he was permitted to withdraw and new counsel was assigned. *Id.*  at ¶ 8.  Prior to the plea, the State had offered an agreed sentence of seven to ten years for a guilty plea and Oglesby counter-offered an agreement to the mandatory minimum of five years, which the State rejected.  *Id.*  at ¶ 5.  The State's offer remained open, but Oglesby rejected it at the time of his plea and pled guilty as charged. *Id.*  at ¶ 6.

With new counsel in place, the motion to withdraw was heard on April 11, 2014. *Id.*  at ¶ 8.  At the hearing, Bennett testified that the reason for the "open" plea was that in his experience it was unlikely to result in the fifteen year maximum sentence, although that was legally possible.  *Id.*  at ¶ 9.  Judge Atkins found as a matter of fact that Oglesby's grounds for withdrawal (which did not include any claim of a promised five-year sentence) were unfounded) and that he had sworn before the judge taking the plea that he had not been promised any particular sentence. *Id.*  Bennett testified at the hearing that he had explained to Oglesby that

3

even to have the possibility of a five year sentence, he would have to enter an open plea with no agreed sentence.

On appeal Oglesby argued his plea was not voluntary because he was not given enough time to make an intelligent decision. *Id.* at ¶ 15. The court of appeals found that adequate time had been provided. *Id.* at ¶¶ 16, 24. Oglesby also claimed Bennett misled him by saying he would not get the maximum sentence of fifteen years, but the court of appeals found that was correct advice. *Id.* at ¶ 16.

Although the attached Affidavits include no dates as to when the supposed representations of a promised five-year sentence were made, the Court assumes Oglesby is claiming they were made before he pled guilty on November 5, 2013.[1] He says he learned this new information after the motion to withdraw plea was made, although he does not say when. The motion to withdraw was filed November 15, 2013, but not heard until April 11, 2014, five months later. *Id.* at ¶ 9. However, none of the affiants nor Oglesby himself testified at that hearing, when anyone of them could have provided the Common Pleas Court with the information on which Oglesby now seeks habeas corpus relief. The "new" information is obviously germane to the claims made in the motion to withdraw, to wit, that the plea was not intelligently made.

Under Ohio law, a claim of ineffective assistance of trial counsel which could have been raised on direct appeal but was not, is procedurally defaulted. Ohio's doctrine of res judicata in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and

---

[1] Representations made after the plea but before sentencing would not entitle Oglesby to relief because they would be in effect guesses by Bennett about what the sentence would be and could not have affected the voluntariness of the plea.

independent state ground, as the Sixth Circuit has repeatedly held. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Oglesby cannot excuse his failure to present his own or the affiants' testimony by claiming ineffective assistance of trial counsel by Bennett because Bennett was no longer representing him at the time of the hearing.

Alternatively, if there were some reason for not presenting this testimony at the hearing on the motion to withdraw that would survive a challenge under *State v. Perry*, Oglesby has still procedurally defaulted on this claim by failing to file a petition for post-conviction relief under Ohio Revised Code § 2953.21 which is the Ohio vehicle to presenting constitutional claims not available on direct appeal. Oglesby's Petition admits that he has not filed any such petition (ECF No. 1, PageID 4). The statute of limitations for a § 2953.21 petition is one year from the date the record is complete on direct appeal. While that date is not before the Court, it is obviously more than one year before Oglesby's filing here on January 20, 2017, because the Second District's decision was handed down June 26, 2015, about eighteen months ago.

**Conclusion**

Because Mr. Oglesby's sole ground for relief is procedurally defaulted, his Petition should be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should

certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 23, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).